**Dismissed and Memorandum Opinion filed April 4, 2024**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00344-CV

---

### CITY OF HOUSTON, Appellant

### V.

### DARLIN PINEDA, Appellee

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-08712**

---

## MEMORANDUM OPINION

Appellee Darlin Pineda was a passenger in a vehicle that was hit by a Houston Police Department patrol vehicle driven by Officer W. G. Chambers. Officer Chambers was responding to an armed robbery at a nearby grocery store when he ran through a red light and collided with the car carrying appellee. Appellee filed suit against the City of Houston, alleging negligence. Houston eventually moved for summary judgment arguing that appellee's lawsuit should be dismissed because it had not waived governmental immunity. The trial court

denied Houston's motion and Houston filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). Because we conclude Houston conclusively established that the emergency exception applied to Officer Chambers' response to the robbery call, we reverse the trial court's order and dismiss appellee's lawsuit for lack of subject matter jurisdiction.

## BACKGROUND

Officer Chambers was working a road hazard[1] shortly before midnight during the night shift in the Northwest Patrol District of Houston when he heard a "general HPD dispatch asking units to respond to an aggravated robbery call" at a nearby grocery store located on Hempstead Road. The grocery store was located about five minutes from Officer Chambers' location. When no other unit was available to take the aggravated robbery call, Chambers "told the dispatcher to take [him] off the road hazard and put [him] on the aggravated robbery call." Dispatch assigned Officer Chambers to the aggravated robbery call, which, according to Chambers, was either a Priority 1 or 2 call, both of which are emergency responses. Officer Chambers was familiar with the grocery store and knew that it was open until midnight and that there would be store personnel and possibly customers inside the store. Officer Chambers soon learned from Dispatch that three suspected robbers were inside the grocery store.

Once Chambers confirmed that he was taking the call, he then turned his body-worn camera on as well as his patrol vehicle's emergency and grill flashing lights.[2] In addition, Officer Chambers decided not to activate his siren due to his close-proximity to the grocery store because he was concerned the sound of the

---

[1] An 18-wheeler truck was in a ditch and a heavy-duty wrecker was on the scene working to move the truck.

[2] According to Chambers, his patrol vehicle was not equipped with a dash-mounted camera.

siren would alert the robbers that police were nearby and responding to the robbery. Additionally, Officer Chambers was concerned that hearing the siren might provoke the robbers into taking hostages or otherwise harming people inside the store. Officer Chambers believed that the risk of not activating his siren created a minimal risk because his emergency lights were highly visible at night, other traffic was minimal, and road conditions were good. According to Officer Chambers, the speed limit on Hempstead Road was 50 miles per hour.

As Officer Chambers approached the intersection of Hempstead and Fairbanks North Houston Road, he saw that he had a red light and he "started to slow down from a higher speed to approximately forty miles per hour." Officer Chambers looked to his left and "did not see any headlights or vehicle motion coming from that direction nor did [he] see any vehicles located at the intersection to the left." Officer Chambers then looked to his right and he saw one or two cars that had stopped and were yielding the right of way to him. As Officer Chambers entered the intersection a white Chevrolet Sonic car entered the intersection from his left and Officer Chambers struck the passenger side of the Sonic.

Darlin Perez Pinto was the driver of the Sonic. He told the police investigator that he had the green light and he did not see any emergency lights or hear a siren prior to the crash. Appellee was a passenger in the back seat behind the driver and he was looking straight ahead prior to the crash. Appellee did not see what happened. Appellee did, however, see the activated emergency lights on Officer Chambers' patrol vehicle immediately upon exiting the Sonic after the collision. On appeal, appellee does not dispute that the emergency lights on Officer Chambers' patrol vehicle were activated at the time of the accident.

Appellee filed suit against Houston alleging negligence. Eventually, Houston filed a motion for summary judgment asserting that the trial court should

3

dismiss appellees' claims based on Houston's governmental immunity. The trial court denied Houston's motion and this interlocutory appeal followed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

**ANALYSIS**

Houston raises three issues in this appeal. In its second issue, Houston argues that it retained its governmental immunity because Officer Chambers was responding to an emergency prior to the collision. We agree.

## I.       Standard of Review and Applicable Law

Governmental units are immune from suit unless immunity is waived by state law. *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022). If a governmental unit has immunity from suit, a trial court lacks subject matter jurisdiction. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012). A challenge to a trial court's subject matter jurisdiction may be asserted by a plea to the jurisdiction or in a motion for summary judgment. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). We review a trial court's ruling on a plea to the jurisdiction de novo. *Id.* at 228.

A defendant's plea may challenge either the plaintiff's pleadings or the existence of jurisdictional facts. *Id.* When, as here, the governmental unit challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties. *See City of Houston v. Ranjel*, 407 S.W.3d 880, 887 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Miranda*, 133 S.W.3d at 228). If that evidence raises a fact issue as to jurisdiction, the governmental entity's plea must be denied because the issue must be resolved by the trier of fact. *Miranda*, 133 S.W.3d at 227–28. If the relevant evidence is undisputed or fails to present a jurisdictional fact issue, however, the governmental unit's plea must be

4

granted. *Maspero*, 640 S.W.3d at 529. The standard of review for a plea to the jurisdiction based on evidence generally mirrors that of a motion for summary judgment. *Quested v. City of Houston*, 440 S.W.3d 275, 280 (Tex. App.—Houston [14th Dist.] 2014, no pet.). We therefore must credit evidence favoring the nonmovant and draw all reasonable inferences in the nonmovant's favor. *Id.*

Houston, as a municipality and political subdivision of the State, cannot be vicariously liable for an employee's acts unless its governmental immunity has been waived. *City of Pasadena v. Belle*, 297 S.W.3d 525, 529 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Under the facts of this case, possible waiver of the City's immunity from suit and liability is found in section 101.021 of the Texas Tort Claims Act (the Act), which provides in relevant part:

> A governmental unit in the state is liable for … property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>
> (B) the employee would be personally liable to the claimant according to Texas law[.]

Tex. Civ. Prac. & Rem. Code § 101.021(1). This waiver does not apply, however, "if the [governmental] employee was responding to an emergency, complied with applicable laws, and—in the absence of applicable laws—did not act with conscious indifference or reckless disregard for the safety of others." *City of Houston v. Green*, 672 S.W.3d 27, 30 (Tex. 2023) (per curiam) (citing Tex. Civ. Prac. & Rem. Code § 101.055(2)). The plaintiff has the burden of presenting some evidence that the emergency exception does not apply. *City of Brazoria v. Ellis*, No. 14-14-00322-CV, 2015 WL 3424732, at *7 (Tex. App.—Houston [14th Dist.]

May 28, 2015, no pet.) (mem. op.).

## II. The emergency exception applies to preserve Houston's governmental immunity.

The parties agree that appellee's claims arise from the use of a motor vehicle. They also agree that Officer Chambers was acting within the scope of his employment when he responded to the armed robbery call. They also do not dispute that Officer Chambers was responding to an emergency prior to the collision. The dispute in this appeal instead focuses on whether Officer Chambers was reckless in his response to that emergency. Appellee argues Officer Chambers was reckless because he allegedly violated Houston Police Department policy at the time of the collision by not using his siren or honking his horn as he entered the intersection and also because he failed to maintain a proper lookout as he entered the intersection. Appellee also points out that Officer Chambers was determined to be at fault for the collision by the police department investigation and he was disciplined by the department for failing to exercise due care. While appellee argues that Officer Chambers violated the policies of the Houston Police Department when he decided to not use his siren, the undisputed evidence from Officer Chambers establishes that this policy gave officers the discretion not to use both emergency lights and siren when responding to an emergency call. *See* Tex. Transp. Code Ann. § 546.003 (providing that a police officer operating an authorized emergency vehicle "shall use, at the discretion of the operator in accordance with policies of the department or the local government that employs the operator, audible or visual signals that meet the pertinent requirements of" the Transportation Code); *City of Houston v. Gonzales*, 682 S.W.3d 921, 925, n.2 (Tex. App.—Houston [14th Dist.] 2024, no pet.) ("Although the Transportation Code generally requires audible or visual signals—lights and sirens—to be used in responding to an emergency call, peace officers may operate an authorized

6

emergency vehicle without audible or visual signals if complying with a written regulation relating to the use of audible or visible signals adopted by the local government that employs the officer or by the department." (internal quotations omitted)). In addition, Section 536.004(c) of the Transportation Code authorizes a police officer responding to an emergency call to not use his emergency vehicle's audible or visual signals if the officer has probable cause to believe that knowledge of the officer's presence will cause the suspect to "end a suspected continuing felony before the officer has obtained sufficient evidence to establish grounds for arrest," or "evade apprehension or identification of the suspect or the suspect's vehicle." *Id.* at § 546.004(c)(1).

The Texas Supreme Court recently addressed a case with similar facts. In *Green*, a Houston police officer was involved in a collision with another vehicle while responding to an emergency call. 672 S.W.3d at 28. Like here, it was not disputed that the police officer in *Green* (1) was responding to a Priority 2 emergency call, (2) had activated his patrol vehicle's emergency lights, and (3) proceeded against a red light immediately before the collision. *Id.* at 30–31. In *Green* it was undisputed that the police officer had intermittently activated his siren during his response but, like Officer Chambers in the present case, he had not done so prior to entering the intersection where the collision occurred. *Id.* at 31 ("And assuming as we must that [the police officer] failed to activate his siren before entering the intersection, department policy placed that decision within his discretion."). The Court observed that:

> Green's evidence could support a finding that [the police officer] suffered a momentary lapse of judgment when he failed to activate his siren and proceeded across Richmond Avenue without coming to a complete stop. Indeed, [the police officer] himself conceded in his deposition that he failed to exercise due care at that point. But establishing failure to exercise due care does not establish a reckless

7

disregard for the safety of others.

*Id.* The Court then held that "because Green concedes that [the police officer] was responding to an emergency and because no evidence could support a finding that he acted with reckless disregard for the safety of others, the emergency exception applies, and the Tort Claims Act does not waive the City's governmental immunity." *Id.*

We conclude that the result is the same here. There is no evidence in the record that Officer Chambers acted with reckless disregard for the safety of others when he exercised his discretion to not use his siren while responding to the suspected aggravated robbery at the grocery store. Instead, the record contains undisputed evidence that Officer Chambers turned his emergency lights on and evaluated the needs versus risks of using his siren in this situation. The evidence also establishes that he continued this evaluation process as he approached the intersection where the collision ultimately occurred. Further, the evidence was undisputed that Officer Chambers slowed his patrol vehicle as he approached the intersection and looked both ways before entering. We therefore hold that the emergency exception applies, and the Tort Claims Act does not waive Houston's governmental immunity. *See id.* We sustain Houston's second issue.[3]

---

[3] Because we sustain Houston's second issue, we need not address the other issues Houston raised in this appeal. *See* Tex. R. App. P. 47.1.

## CONCLUSION

Having sustained Houston's second issue on appeal, we dismiss appellee's claims against Houston for lack of subject matter jurisdiction.


/s/    Jerry Zimmerer
           Justice


Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.